# CIRCUIT COURT OF THE CITY OF RICHMOND

Jannita L. Preston

v.

Allstate Insurance Co.

January 31, 2007

Case No. CL06-3790

BY JUDGE T. J. MARKOW

The parties appeared, by counsel, on January 23, 2007, for argument on the cross-motions for Summary Judgment. All material facts are stipulated or established by admission.

Plaintiff is an insured of the defendant under a motor vehicle policy issued in the District of Columbia. She was involved in a motor vehicle accident in the City of Richmond and incurred medical expenses of $4,646.00 for which she demands payment in this action. Plaintiff has settled her bodily injury claim with the tortfeasor. Allstate refuses to pay Ms. Preston as she did not proceed under the Personal Injury Protection (PIP) Coverage of her policy.

The PIP coverage was issued pursuant to Chapter 24 of Title 31 of the District of Columbia Code, specifically Code § 31-2405. This is the District's No Fault Insurance Statute. Under the policy and the Code, a person intending to claim medical expenses resulting from an automobile accident must notify the insurance company within sixty days of the accident of her intention to receive the PIP benefits. If the election is not made, the benefit is waived. If the insured wishes to receive the PIP benefits and files the notice, she is precluded from proceeding against the tortfeasor for damages.

Ms. Preston concedes that she did not make the claim for PIP benefits within the sixty days as required by the policy and the Code of the District of Columbia. She argues, however, that conflicts of laws principles apply and Virginia law should apply as it is where the cause of action arose. She argues

that District of Columbia law should not apply as it is inconsistent with the public policy of Virginia in that the District of Columbia law would require her to waive a tort claim in order to collect PIP benefits.

In conflicts of laws matters, a basic principle is that the substantive law of the forum state applies and, if a contract is involved, the contract law of the place where the contract was written is applied, unless this result is inconsistent with the strong public policy of the forum state.

The court is of the opinion that, as plaintiff is making a claim under an insurance contract, the law applicable to its interpretation is the law of the District of Columbia, the jurisdiction in which the policy was issued. While that law is different from that of Virginia, it is not repugnant to any public policy of Virginia.

The District of Columbia law does not preclude one from asserting her tort claim against the tortfeasor and, in fact, that is what the plaintiff has done. What plaintiff attempts here is to be reimbursed for her medical expenses twice: first, from the tortfeasor and, then, from Allstate under the PIP coverage.

While that is permitted in Virginia, it would be difficult to assert that citizens of the District of Columbia and their insurers could not provide a different method of assuring that its citizens were "made whole" when injured by a tortfeasor. Achieving the result of making the victim of a tort whole is the public policy of both jurisdictions. This policy and the statute under which it was issued does not frustrate that policy.

Allstate's Motion for Summary Judgment is sustained. It is, therefore, ordered that judgment is awarded to Allstate Insurance Company against Jannita L. Preston.